# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| J.S.L., <br><br> Petitioner, <br><br> v. <br><br> WARDEN, FOLKSTON ICE PROCESSING FACILITY, <br><br> Respondent. | 5:25-cv-156 |

## ORDER

After review of the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus in this case, the Court determined Petitioner, through counsel, raises the same claim and seeks the same relief as the Petitioners in the <u>Villa</u> consolidated cases, Case Number 5:25-cv-89. Dkt. No. 1. The Court directed service of the Petition and directed Respondent to show cause why this Petitioner is not entitled to the same relief as the <u>Villa</u> consolidated Petitioners. Dkt. No. 4. Respondent has filed his Response. Dkt. No. 10. Respondent states that none of Petitioner's claims are meritorious. However, Respondent recognizes that Petitioner does raise a challenge similar to the <u>Villa</u> Petitioners' claims and acknowledges that, if the Court adheres to the reasoning in <u>Villa</u>, that same reasoning controls the outcome in this case. Respondent notes he is reserving all rights, including the right to appeal, and provides the Court with an abbreviated response to the

Petition. Id. at 2. If the Court grants this Petition, Respondent asks for seven (7) days to arrange an individualized bond hearing. Id. at 9.

The Court finds that Petitioner's claims are sufficiently similar to the claims in Villa and, therefore, the reasoning in Villa applies with equal force here. Petitioner falls in the category of those detainees who have been released on a previous occasion but are now detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) based on the Board of Immigration Appeals' ("BIA") decision in Matter of Yajure Hurtado but would otherwise be subject to discretionary bond under 8 U.S.C. § 1226(a). Dkt. No. 1 at 63-64. Thus, the Court **GRANTS in part** Petitioner's § 2241 Petition and **ORDERS** Respondent to provide Petitioner with a bond hearing, as § 1226(a) requires, within seven (7) days of this Order. The Court **DIRECTS** Respondent to comply with the immigration judge's conclusions in that bond hearing, including whether Petitioner again is entitled to release on his own recognizance.[1] The Court **DISMISSES** all non-Warden Respondents. Villa v. Normand, 5:25-cv-89, Dkt. No. 84. The Court **DENIES as moot** Petitioner's outstanding

---

[1] The Court notes Petitioner was released on his own recognizance on a previous occasion, but his release was due to a lack of bed space. Dkt. No. 10-1 at 1. Thus, Respondent should have an opportunity to conduct an individualized bond hearing under § 1226(a). It may be that the immigration judge releases Petitioner on his own recognizance again or on a monetary bond or with other conditions.

2

Motions, dkt. nos. 6, 7, 8,[2] and also **DIRECTS** the Clerk of Court to **CLOSE** this civil action and enter the appropriate judgment.[3]

**SO ORDERED**, this 23 day of December, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Although Respondent did not specifically respond to Petitioner's Motion for Leave to Proceed Under a Pseudonym, dkt. no. 7, Respondent did redact certain identifying information in its Response to the Petition and show cause Order, dkt. no. 13. The Court will not review the relative merits of this Motion but notes the Court and the parties have referred to Petitioner only by his initials.

[3] Counsel states Petitioner is scheduled for a hearing before an immigration judge on January 6, 2026. Dkt. No. 1 at 13. The Court offers no opinion on what bearing, if any, this hearing may have on the Court's ruling.